UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 05 CV 1541
M.M.
ECF CASE

RICHARD WHITAKER, on his own behalf,
& others similarly situated,

    Plaintiffs,

v.

NORTH MANHATTAN CONSTRUCTION CORP.,
a New York Corporation & NORTH MANHATTAN
CONSTRUCTION 130TH STREET CORP.,
a New York corporation.

    Defendants.

_____/

## COMPLAINT

    1.    Plaintiff RICHARD WHITAKER (hereinafter referred to as "plaintiff"), was an employee of Defendants NORTH MANHATTAN CONSTRUCTION CORP., and NORTH MANHATTAN CONSTRUCTION 130TH STREET CORP., (collectively referred to as "defendants") and brings this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b). Plaintiff performed work as a construction worker in New York, New York.

    2.    Defendants are New York corporations that operate and conduct business in New York, New York and are within the jurisdiction of this Court.

    3.    This action is brought to recover from defendants overtime compensation, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C.

§216(b)(the Act). Such collective action is intended to include each and every construction worker employed by defendants at anytime within the past three years.

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all material times relevant to this action, defendants were enterprises covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).

5. At all times pertinent to this Complaint, defendants failed to comply with Title 29 U.S.C. §§201-209, in that plaintiff performed services for defendants for which no provisions were made by the defendants to properly pay plaintiff for those hours worked in excess of forty (40) hours per week during one or more work weeks.

6. In the course of employment with defendants, plaintiff was not paid time and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

7. The records, if any, concerning the number of hours actually worked by plaintiff and all other similarly situated employees and the compensation actually paid to plaintiff are in the possession and custody of defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

8. Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 9 above.

9. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. Plaintiff regularly worked overtime hours.

10. By reason of the said intentional, willful and unlawful acts of defendants, plaintiff has suffered damages plus incurred costs and reasonable attorney's fees.

11. As a result of defendants' willful violation of the Act, plaintiff is entitled to liquidated damages.

12. Plaintiff demands a jury trial.

WHEREFORE, plaintiff, and all other employees similarly situated, demand judgment against defendants, jointly and severally, for the payment of all overtime hours at one and one-half their regular rate of pay for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

## COUNT II
## RECOVER OF MINIMUM WAGES

13. Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 9.

14. Plaintiff, and the other employees similarly situated, are entitled to be paid at the current minimum wage rate of pay for each hour they worked during their employ.

15. On or about January 25, 2005, plaintiff's employment with defendant ended. Thereafter, plaintiff requested proper compensation for his final paycheck. Defendants refused to compensate plaintiff for his final week of wages, resulting in plaintiff's receiving less than the minimum wage for those hours worked in his last week of employment.

16. Defendant willfully failed to pay plaintiff at the current minimum wage for his final week of work contrary to the requirements of Section 6 of FLSA (29 U.S.C. §206).

17. As a direct and proximate result of defendant's deliberate underpayment of wages, plaintiff has been damaged in the loss of minimum wages for his last week of work.

18. Plaintiff demands a jury trial.

WHEREFORE, plaintiff, and all other employees similarly situated, demand judgment against defendants, jointly and severally, for compensatory damages an additional equal amount of liquidated damages, together with costs and attorney's fees pursuant to the FLSA and such other further relief as this Court deems just and proper, including trial by jury.

DATED this 4th day of February 2005.

> HELEN F. DALTON & ASSOCIATES, P.C.
> 69-12 Austin Street
> Forest Hills, NY 11375
> Tel: (718) 263-9591
> Fax: (718) 263-9598
>
> _____
> JUSTIN A. ZELLER
> J.Z.7094

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD WHITAKER, on his own behalf,
& others similarly situated,

       Plaintiffs,

v.

NORTH MANHATTAN CONSTRUCTION CORP.,
a New York Corporation & NORTH MANHATTAN
CONTRSUCTION 130TH STREET CORP.,
a New York corporation.

       Defendants.

## SUMMONS & COMPLAINT

Helen F. Dalton & Associate, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
(718) 263-9591

To:

NORTH MANHATTAN CONSTRUCTION CORP.,
C/O Martin Shaw, Esq.
350 5th Avenue, Suite 1225
New York, NY 10118

NORTH MANHATTAN CONSTRUCTION 130TH STREET CORP
C/O Martin Shaw, Esq.
350 5th Avenue, Suite 1225
New York, NY 10118